IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, JR., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: CV512-030 |
| BRIAN OWENS; CO SHATTUCKER; SAMUEL OLENS; CO II Sgt. KIRKLAND; Lt. ADAMS; Lt. DYRAL COLLIER; FNU PINEIRO; Lt. REYNOLDS; Miss FERRA, P.A.; RON FREEMAN; STATE OF GEORGIA; Dr. FERRELL; Capt. BROOKS; LULIA BEARD; SHIRLEY THOMAS; TED PHILBAN; ARTIS SINGLETON; TERRY WILSON; and WARD DARRELL HART, | : | |
| Defendants. | : | |

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed a cause of action in the Middle District of Georgia, pursuant to 42 U.S.C. § 1983. On April 18, 2012, this case was transferred to this Court. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

AO 72A
(Rev. 8/82)

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Terrell v. Fulton Cnty., CV109-513 (N.D. Ga. May 26, 2009) (dismissed for failure to state a claim); (2) Terrell v. Grady Mem'l Hosp., CV108-3931 (May 27, 2009) (dismissed for failure to state a claim/failure to exhaust) (N.D. Ga. May 27, 2009); and (3) Terrell v. Grady Mem'l Hosp., No. 09-13077-D (Jan. 20, 2010) (appeal dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th

2

Cir. 1999). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

Plaintiff alleges that Defendant Shattucker taunted him on February 10-12, 2012. Plaintiff asserts that Defendant Kirkland "interrogated" him on March 20, 2012, about being sexually assaulted by Defendant Shattucker. Plaintiff also asserts that on March 27, 2012, unknown named CERT officers wanted to know who had a bowel movement in the shower and threatened to assault that person. Plaintiff further asserts that two (2) CERT officers demanded his legal materials on March 29, 2012.

Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint on April 12, 2012, or at any other time. Accordingly, the Court **VACATES** the April 20, 2012, Order granting Plaintiff leave to proceed in forma pauperis. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. Plaintiff's Motion to Consolidate should be **DISMISSED** as moot. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 11th day of June, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)