IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIE JAMES TERRELL, JR.,

    Plaintiff,

v.                                     CIVIL ACTION NO.: CV512-030

BRIAN OWENS; CO SHATTUCKER;
SAMUEL OLENS; CO II Sgt. KIRKLAND;
Lt. ADAMS; Lt. DYRAL COLLIER;
FNU PINEIRO; Lt. REYNOLDS;
Miss FERRA, P.A.; RON FREEMAN;
STATE OF GEORGIA; Dr. FERRELL;
Capt. BROOKS; LULIA BEARD;
SHIRLEY THOMAS; TED PHILBAN;
ARTIS SINGLETON; TERRY WILSON;
and WARD DARRELL HART,

    Defendants.

## ORDER

United States Magistrate Judge James E. Graham entered a Report on June 11, 2012, and recommended that Plaintiff's Complaint be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g). Magistrate Judge Graham noted that, if Plaintiff desired to proceed with his cause of action, he could resubmit his Complaint along with the full filing fee. (Doc. No. 14). In response, Plaintiff filed Objections to this Report and sought leave to amend his Complaint. Magistrate Judge Graham granted Plaintiff's request by Order dated July 16, 2012. (Doc. No. 17). Since that time, Plaintiff has inundated the Court with filings in this cause of action. Included in Plaintiff's filings are copies of Standard Operating Procedures concerning inmate mail and receipt of funds,

AO 72A
(Rev. 8/82)

access to courts, and legal access for residents in transitional centers. (Doc. No. 18). Plaintiff also included a copy of the Standard Operating Procedure regarding the Prison Rape Elimination Act. (Doc. No. 19). These filings do not support an assertion that Plaintiff was in imminent danger of serious physical injury at the time he filed his Complaint.

Plaintiff also filed a pleading entitled "Injunction and Restraining Order: Motion". (Doc. No. 20). A review of this pleading does not indicate to the undersigned that the assertions set forth in that pleading are applicable to Plaintiff in any way, and, even if the assertions are, they are irrelevant to the events detailed in Plaintiff's Complaint. Plaintiff also filed a pleading entitled "Injunction and Protection Order: Motion". (Doc. No. 21). Plaintiff also filed two (2) identical pleadings, which are also entitled "Injunction and Restraining Order: Motion". (Doc. Nos. 22, 23). In addition, Plaintiff filed an Emergency Motion for Injunction and Temporary Protective Order. (Doc. No. 24). Just four (4) days later, Plaintiff filed an amendment to his Emergency Motion. (Doc. No. 28). Based on the undersigned's disposition of Plaintiff's cause of action, these Motions are **DENIED**.

In his Amended Complaint, Plaintiff states that he was sexually assaulted by a Fulton County Sheriff's Deputy in 2007. Plaintiff also mentions events occurring in July 2010 and in May through August 2011. Plaintiff makes allegations against Defendant Shattuck, and these allegations detail events occurring on February 10-12, February 29, and March 12-14, 2012. (Doc. No. 25, p. 4, 8). Plaintiff asserts in his Objections that he was injured as a result of Defendant Shattuck's February 10, 2012, assault. Plaintiff

AO 72A
(Rev. 8/82)

also asserts that he was interrogated about this assault more than a month later. (Doc. No. 16, p. 2).

Despite the many opportunities Plaintiff has taken to show that he was in imminent danger of serious physical injury on April 12, 2012, the date he filed his Complaint, Plaintiff has failed to do so. Plaintiff has not met the exception to section 1915(g) so as to allow him to proceed with this cause of action at this time. The undersigned offers no opinion as the relative merits of the allegations Plaintiff makes in his Complaint, as supplemented and amended. However, the undersigned notes that Plaintiff cannot proceed with this cause of action on an *in forma pauperis* basis.

Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Plaintiff's Complaint is **DISMISSED**, without prejudice. Should Plaintiff wish to pursue his allegations stemming from events allegedly occurring in February and March of 2012, he may resubmit his complaint along with the full filing fee. Plaintiff's Motion to Consolidate is **DISMISSED** as moot. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

SO ORDERED, this 27 day of September, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA